T.C. Summary Opinion 2003-117

UNITED STATES TAX COURT

JUAN G. AND MARGARITA IBARRA, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14441-02S.                    Filed August 25, 2003.

Juan G. and Margarita Ibarra, pro se.

Ross M. Greenberg, for respondent.


COUVILLION, Special Trial Judge:  This case was heard
pursuant to section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  The decision to be entered

---

[1]    Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
year at issue.  Rule references are to the Tax Court Rules of
Practice and Procedure.

is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $2,466 in petitioners' Federal income tax for 2000.

The issue for decision is whether petitioners are entitled to various Schedule A, Itemized Deductions, and Schedule C, Profit or Loss From Business, deductions in excess of amounts allowed by respondent. The Court's holding on these adjustments will, in turn, determine the amount of petitioners' earned income credit, self-employment tax, and the adjustment to income for one-half of the self-employment tax.

Some of the facts were stipulated. Those facts, with the annexed exhibits, are so found and are made part hereof. Petitioners' legal residence at the time the petition was filed was Miami, Florida.

Juan G. Ibarra (petitioner) was employed in construction work installing drywall during the year in question. Petitioner also engaged in a ministerial activity as pastor of a church. During 2000, the church had approximately 15 members. Mrs. Ibarra was not employed during 2000 and earned no income.

On their joint Federal income tax return for 2000, petitioners reported wage and salary income of $29,300. Petitioner's ministerial activity was reported on a Schedule C as follows:

| Gross income | | $7,140 |
|---|---|---|
| Expenses: | | |
| Car and truck | $2,031 | |
| Commissions and fees | 1,048 | |
| Insurance | 250 | |
| Seminary and convention | 1,550 | |
| Robes, oils, incense, and special gear | 1,205 | |
| Educational, books, publications, and software | 2,887 | 8,971 |
| Net loss | | ($1,831) |

On Schedule A of their return, petitioners claimed the following itemized deductions:

| Medical | $5,817 | |
|---|---|---|
| Less 7.5% of adjusted gross income | (2,060) | $ 3,757 |
| Real estate taxes | | 753 |
| Home mortgage interest | | 4,815 |
| Charitable contributions: | | |
| Cash | $4,650 | |
| Other than cash | 500 | 5,150 |
| Unreimbursed employee expenses | $6,588 | |
| Less sec. 67(a) 2% floor | 549 | 6,039 |
| Total itemized deductions | | $20,514 |

All the adjustments by respondent in the notice of deficiency relate to Schedules A and C of petitioners' return.

With respect to the Schedule A itemized deductions, respondent determined that the medical and dental expenses substantiated by petitioners totaled $1,295. Since that amount did not exceed 7.5 percent of petitioners' adjusted gross income as required by section 213(a), petitioners were not entitled to a

deduction for medical and dental expenses. Of the $4,815 deducted by petitioners for home mortgage interest, $4,146 was allowed, and $2,788 of the $5,150 deducted as charitable contributions was allowed. Of the $6,039 deducted as unreimbursed employee business expenses, $1,736 was allowed. No adjustment was made for the $753 in real estate taxes deducted by petitioners. Thus, of the total $20,514 claimed as deductions, respondent allowed deductions of $9,423 and disallowed $11,091. All the amounts disallowed were for lack of substantiation.

With respect to Schedule C, involving petitioner's activity as a minister, respondent's determinations were as follows, all relating to expenses deducted:

|  | Claimed on Return | Allowed by Respondent |
|---|---|---|
| Car and truck | $2,031 | $2,031 |
| Commissions and fees | 1,048 | -0- |
| Insurance | 250 | 250 |
| Seminars | 1,550 | 480 |
| Robes, special gear, oils, and incense | 1,205 | -0- |
| Educational, books, etc. | 2,887 | 200 |
| Totals | $8,971 | $2,961 |

No adjustments were made to petitioners' reported gross income. The deductions also were disallowed for lack of substantiation. As a result of the Schedule C adjustments, respondent determined that petitioner realized a net profit from his ministry, thus resulting in a liability for self-employment tax under section

1401 with a corresponding adjustment to gross income for one-half of such tax under section 164(f)(1).

Deductions are a matter of legislative grace. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). The taxpayer bears the burden of proof, which means the presentation of adequate documentation to support the deductions claimed on tax returns. Rule 142; Welch v. Helvering, 290 U.S. 111, 115 (1933). It is also the taxpayer's responsibility to maintain records sufficient to enable the Commissioner to determine the correct tax liability. Sec. 6001; Higbee v. Commissioner, 116 T.C. 438 (2001); sec. 1.6001-1(a), Income Tax Regs. The taxpayer must substantiate both the amount and purpose of the claimed deductions. Higbee v. Commissioner, supra.

As noted earlier, respondent's determinations disallowing all or part of the deductions claimed on the return were for lack of substantiation. Petitioners kept no books and records and produced only minimal evidence at trial in support of some of their deductions.[2]

---

[2] Sec. 7491, under certain circumstances, places the burden of proof on the Commissioner in connection with proceedings arising from the examination of returns that commenced after July 22, 1998. The record does not show when the examination of petitioners' returns commenced in this case; however, because of the paucity of records and information maintained by petitioners, the Court is satisfied that the burden of proof in this case did not shift to respondent. Higbee v. Commissioner, 116 T.C. 438 (2001).

With respect to petitioners' medical and dental expenses, claimed as an itemized deduction, respondent allowed $1,295 out of the $5,817 claimed by petitioners. The amount allowed consisted of dental expenses of $720 and chiropractic services of $575; however, since $1,295 was less than 7.5 percent of petitioners' adjusted gross income, petitioners realized no tax benefit from the allowed amount. Sec. 213(a). Based on petitioners' testimony at trial, the Court is satisfied that petitioners incurred additional medical expenses during 2000. Petitioners visited Mrs. Ibarra's brother in Texas during 2000. During that visit, petitioners ventured into Mexico, and Mrs. Ibarra became ill and was hospitalized in a Mexican hospital. Petitioners offered into evidence a bill from that hospital that listed various medical services she was provided and recited a total amount of $4,276 for those services. Mrs. Ibarra's brother paid the hospital in full, and, during 2000, petitioners repaid her brother. Petitioners offered into evidence a written statement from Mrs. Ibarra's brother that states that he paid $4,750 to the Mexican hospital and that, during the year 2000, petitioners had repaid him $4,500. At trial, petitioners agreed that the $4,276 shown on the Mexican hospital bill and the $4,750 shown on the statement of Mrs. Ibarra's brother represented Mexican pesos and not United States currency. The correct amount, converted to United States currency, as agreed by the

parties, was approximately $645. The Court is satisfied, on this record, that petitioners are entitled to an additional deduction of $645 in medical and dental expenses for 2000.

With respect to all the other itemized deductions and the Schedule C trade or business expenses, petitioners produced no documentary evidence to establish entitlement to deductions in excess of the amounts allowed by respondent in the notice of deficiency, nor is the Court persuaded that they are entitled to deductions in excess of those allowed by respondent. Accordingly, except for the additional amount allowed for medical and dental expenses, respondent's determinations are sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent.</u>[3]

---

[3] Although the Court allows petitioners an additional $645 itemized deduction for medical expenses, raising their total medical expenses to $1,940, the allowance of $645 will not result in a tax benefit to petitioners because the Court's holding on petitioners' Schedule C, Profit or Loss From Business, activity will increase petitioners' adjusted gross income, thereby increasing the 7.5 percent threshold of sec. 213(a). Petitioners' $1,940 in medical expenses will be less than the 7.5 percent floor.